UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH SHELTON,

                Petitioner,                      Case Number 11-13119
                                                    Honorable Thomas L. Ludington

v.

JUDGE EDWARD SOSNICK, ET AL.,

                Defendants.
_____/

### OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE

#### I. Introduction

This matter is pending before the Court on the pro se civil rights complaint filed by Keith Shelton. The plaintiff is a state inmate currently incarcerated for convictions in Oakland County Circuit Court in 1984 and 1989 for unarmed robbery and larceny by conversion. Plaintiff has identified the following defendants: Oakland County Circuit Judge Edward Sosnick, Cyril C. Hall, Charles Reisman, Oakland County Circuit Court Judge Michael Warren, Jessica Cooper, and Elias Escobedo, Jr. Plaintiff's complaint alleges that his criminal convictions are invalid because they were based upon an "illegal waiver" and Plaintiff was prohibited from appearing in court to enter his plea. Plaintiff seeks release from prison.

#### II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56 (citations and footnote omitted).

### III. Discussion

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff's request for relief from incarceration is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court explained its conclusion in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would

> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original and footnote omitted). Plaintiff has not shown that his convictions have been invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

Even if the complaint were not barred by *Heck*, it is still subject to summary dismissal. First, judicial officers have long enjoyed absolute judicial immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 364 (1978). In addition, "[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer." *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873 (6th Cir. 2011). Thus, Judges Sosnick and Warren are immune from suit under § 1983.

Second, Plaintiff names as defendants three defense attorneys: Cyril Hall (Plaintiff's trial attorney); Charles P. Reisman (Plaintiff's appellate attorney); and Elais J. Escobedo, Jr. (Plaintiff's trial attorney). Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant. *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, Hall, Reisman and Escobedo were not acting under color of state law in representing Plaintiff.

Finally, Plaintiff names as a defendant prosecutor Jessica Cooper. The common law principle of absolute immunity for prosecutors applies to § 1983 claims. *Imbler v. Pachtman*, 424

U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. In contrast, when a prosecutor "functions as an administrator" or an investigator "'rather than as an officer of the court' he is entitled only to qualified immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (*citing Imbler*, 424 U.S. at 431 n. 33). Plaintiff fails to assert any specific allegations against Cooper, nor does he allege any specific conduct by Cooper that was not related to initiating the prosecution or presenting the State's case. Therefore, Plaintiff has failed to state a claim upon which relief may be granted against Cooper.

### IV. Conclusion

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further **ORDERED** that an appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: December 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and to Keith Shelton, #145136, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 by first class U.S. mail on December 23, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS

4